UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| KAYLA J. GILES, | CIVIL ACTION NO. 1:19-CV-01173 |
| Plaintiff | |
| | |
| VERSUS | JUDGE DRELL |
| | |
| DELTA DEFENSE, L.L.C., *et al.*, | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants | |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint filed by Plaintiff Kayla J. Giles ("Giles") (Doc. 1). Giles premises federal jurisdiction on diversity of citizenship.

The named Defendants are Delta Defense, L.L.C. and United Specialty Insurance Company.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." Id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction

depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). Diversity of citizenship must exist at the time the action is commenced. In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. See Coury v. Prot, 85 F.3d 244, 248–49 (5th Cir. 1996); see also Kinney v. Columbia Sav. & Loan Association, 191 U.S. 78, 81 (1903).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of a general partnership depends on that of all partners. See International Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company, a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079-80 (5th Cir. 2008).

Giles alleges that she is a citizen of Louisiana.

Giles alleges Defendant Delta Defense, L.L.C. is organized and operating under the laws Wisconsin. Plaintiff's allegations as to Delta Defense, L.L.C.'s

2

citizenship are inadequate. Because Delta Defense, L.L.C. is purportedly a limited liability company, Plaintiff must allege the identities and citizenship of every member of Delta Defense, L.L.C.

Giles alleges Defendant United Specialty Insurance Company is a Delaware company that is authorized to do business in Louisiana. Giles must determine the nature of United Specialty Insurance Company's business entity and allege its citizenship in accordance with the rules set forth above.

Therefore, the existence of federal jurisdiction is in question.

The Clerk of Court is DIRECTED to serve a copy of this order upon any and all Defendants IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, not later than 21 days from service of this Order on Plaintiff Giles, Plaintiff SHALL FILE: (1) a Jurisdictional Memorandum setting forth the citizenship of all parties to this lawsuit; and (2) a motion under for leave to amend the jurisdictional allegations of the Complaint to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that all Defendants will be allowed seven days from receipt of Defendants' memoranda regarding jurisdiction to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of September, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge