UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KAYLA J. GILES** | **CIVIL ACTION NO. 1:19-cv-01173** |
| **VERSUS** | **CHIEF JUDGE DEE D. DRELL** |
| **DELTA DEFENSE, L.L.C., and UNITED SPECIALTY INSURANCE COMPANY** **Defendants** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

------------------------------------------------------------------------------------------------------------------

**FIRST AMENDED AND RE-STATED COMPLAINT
TO RECOVER FUNDS DUE UNDER INSURANCE POLICY**

NOW INTO COURT, through undersigned counsel, comes Kayla J. Giles, who amends and re-states the original Complaint filed herein and does so, as a matter of course, in accordance with Rule 15(a) (1) of the Federal Rules of Civil Procedure, as no party has been served and it is therefore less than 21 days since any party was served, to-wit:

**JURISDICTION**

1. The amount in controversy exceeds $75,000.00, and this court has jurisdiction over this matter under 28 U.S.C. §1332, as the parties are domiciled in differing States.

**VENUE**

2. Venue is within this judicial district under 28 U.S.C. §1391(b)(2), as a substantial portion of the events or omissions giving rise to the claim occurred in this judicial district.

3. The defendants named in this Complaint maintained an office, transacted business, had agents, committed acts, conducted transactions and was domiciled in the Western District of Louisiana at all times pertinent.

**PARTIES**

4. Kayla J. Giles, plaintiff herein, is a citizen, resident and is domiciled in this judicial district, specifically Rapides Parish, Louisiana.

5.      Made defendants herein are:

(a.)   Delta Defense, L.L.C., which is a limited liability company organized and operating under the laws of the State of Wisconsin, since September 15, 2003. It is believed to be domiciled in that state and has appointed Timothy J. Schmidt, Sr., of 1000 Freedom Way, West Bend, Wisconsin, as its registered agent, but the identity and domicile of its members cannot be determined at this point in these proceedings, and

(b.) United Specialty Insurance Company, an insurance company organized July 11, 2005, under the laws of the State of Delaware, according to both the Delaware Secretary of State and the Texas Department of Insurance. It is also shown as having a mailing address of 1900 L. Don Dodson Drive, Bedford, Texas 76021, with a physical address of 160 Greentree Drive, Suite 101, Dover, Delaware 19904-7620.  A.M. Best insurance rating service states that its domiciliary address is 13403 Northwest Freeway, Houston, Texas 77040-6094.  It is also authorized to do business in the State of Louisiana, and has appointed the Louisiana Secretary of State as agent for service of process, according to the records of the Louisiana Department of Insurance. The exact domicile of this legal entity is not known and cannot be determined at this stage of the proceedings, but is believed to be either Texas or Delaware.

## FACTUAL ALLEGATIONS

6.      Kayla J. Giles purchased a policy of self-defense liability insurance from United Specialty Insurance Company, through Delta Defense, Inc., under policy number USA 405 4455.

7.      The policy was issued insuring Kayla J. Giles as a "Platinum Member" of the United States Concealed Carry Association, Inc.

8.  "Platinum Member" status entitled Kayla J. Giles to coverage under the policy in the amount of $1,000,000.00, and criminal defense limits of $150,000.00.

9.  Kayla J. Giles paid all the premiums owed under the policy as they became due and the policy was in full force and effect on or about September 8, 2018.

10. At all times pertinent hereto, Kayla J. Giles was the lawful owner of a handgun, and was insured by the defendants for acts of self-defense or defense of others arising out of the use of the said weapon.

11. On or about September 8, 2018, Kayla J. Giles had occasion to use the weapon in defense of herself as well as her children. Thereafter, she was arrested and charged with multiple criminal offenses arising out of the use of the firearm on that date.

12. Kayla J. Giles was in lawful possession of the firearm on the date set forth and was trained by United States Concealed Carry Association, Inc., in the care, handling and use of a firearm.

13. Satisfactory proof of loss was provided to the defendants, as well as written demand therefore, and more than thirty (30) days have elapsed since that time.

14. United Specialty Insurance Company and/or Delta Defense, L.L.C. paid $50,000.00, for legal defense, of the total of $150,000.00, provided for in the policy. However, they have thereafter refused further payment, despite amicable demand that they do so.

15.     Kayla J. Giles was acting in self-defense and in defense of others at the time of the incident for which she was arrested and is being prosecuted.

16.     The criminal law of the relevant jurisdiction (Louisiana) is provided in La. R.S. 14:19B and La. R.S. 14:20. Specifically, those provisions set forth, inter alia, that a person acts in self-defense when she acts to protect herself or others from a person making an unconsented entry into a motor vehicle, and the person committing the homicide reasonably believes that the use of deadly force is necessary to prevent the entry or compel the intruder to leave.

17.     Kayla J. Giles was forced to retain a criminal defense attorney to defend her against criminal proceedings brought against her in the Ninth Judicial District Court in and for Rapides Parish, State of Louisiana.

18.     Kayla J. Giles has incurred fees and expenses in excess of the amount of the "criminal defense" limits of the policy.

**FIRST CAUSE OF ACTION**

19.     Kayla J. Giles seeks judgment for the "criminal defense" limits owed under the policy in accordance with the contract of insurance she entered into with the defendants.

**SECOND CAUSE OF ACTION**

20.     Kayla J. Giles seeks judgment in accordance with the self-defense liability insurance policy she purchased from United Specialty Insurance Company, through Delta Defense, Inc., under policy number USA 405 4455, which would include all matters for which the insurance was written.

**THIRD CAUSE OF ACTION**

21.     The defendants have failed to pay under the terms of the policy and more than thirty (30) days have elapsed since the submission of satisfactory proof of loss and written demand

therefore. Such failure to pay pursuant to the policy is arbitrary and capricious, therefore Kayla Giles is entitled to penalties, attorney fees and damages under the Louisiana Insurance Code.

### RELIEF REQUESTED

22.     Kayla J. Giles seeks judgment awarding her the amounts which should have been covered under the policy of self-defense liability insurance she purchased from United Specialty Insurance Company, through Delta Defense, Inc., together with all damages to which she is entitled under that policy and for penalties, attorney fees and damages under the Louisiana Insurance Code. She further seeks interest on all amounts from the date when payment should have been made.

**WHEREFORE, KAYLA J. GILES PRAYS** that, after due proceedings, there be judgment in her favor and against **DELTA DEFENSE, L.L.C.,** and **UNITED SPECIALTY INSURANCE COMPANY** awarding her the amounts which should have been covered under the policy of self-defense liability insurance she purchased from United Specialty Insurance Company, through Delta Defense, Inc., together with all damages to which she is entitled under that policy and for penalties, attorney fees and damages under the Louisiana Insurance Code, as well as all costs and interest on all amounts from the date payment should have been made.

                LAW OFFICE OF,

                **/S/ THOMAS R. WILLSON**
                **THOMAS R. WILLSON**
                **1330 JACKSON STREET**
                **ALEXANDRIA, LOUISIANA  71301**
                **PH. NO. (318) 442-8658**
                **FAX NO. (318) 442-9637**
                rocky@rockywillsonlaw.com
                **Attorney for Kayla J. Giles (#13546)**

## Certificate of Service

 Counsel for plaintiff, Kayla J. Giles, shows that service of this First Amended Complaint was made of the defendants named herein along with service of the original complaint on the 3rd day of October. 2019, by depositing the same in the US Mail with sufficient postage affixed.

   **/S/ THOMAS R. WILLSON**
   **THOMAS R. WILLSON**