**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **KAYLA J. GILES** | **CIVIL ACTION NO. 1:19-cv-01173** |
| **VERSUS** | **CHIEF JUDGE DEE D. DRELL** |
| **DELTA DEFENSE, L.L.C., and** **UNITED SPECIALTY INSURANCE COMPANY** **Defendants** | **MAGISTRATE JUDGE JOSEPH** **H.L. PEREZ-MONTES** |

-------------------------------------------------------------------------------------------------------------------------

<u>**MEMORANDUM REGARDING JURISDICTION**</u>

MAY IT PLEASE THE COURT:

*Background*

The Complaint of **KAYLA J. GILES** was filed claiming diversity of citizenship. Specifically, she is domiciled in Louisiana and in this district and she claimed the defendants are domiciled in other states. She named as defendants (a.) Delta Defense, L.L.C., and (b.) United Specialty Insurance Company, and claimed they were citizens and residents of other states.

*Summary*

It is plaintiff's position that the defendant Delta Defense, L.L.C. is a limited liability company organized and operating under the laws of the State of Wisconsin. However, this court has instructed that in accordance with ***Harvey v. Grey Wolf Drilling Co***, 542 So.3d 1000 (5th Cir. 2008) the plaintiff provide details of the membership of the limited liability company. This is the same order issued in other divisions of this court, e.g. ***Betty Butts v. George Bittle, et al***., Civil Action No. 19-cv-1191 (order issued by Magistrate Judge Hornsby September 23, 2019, and ***Ronald Theriot v. Yoisel Aguilla Serrano, et al***., Civil Action No. 19-605 (order issued by Magistrate Judge Richard L. Boureois, Jr. September 18, 2019.

The theme running through all three (3) of these cases (including Harvey v. Grey Wolf) is that orders were issued to the removing parties which were all legal entities. The instant case is to

be contrasted with those as here the case was originally filed in this court and plaintiff (not a legal entity but a person) had not yet had time to make service on the defendant legal entities when the order was issued.

Since the plaintiff is being required to determine the membership of legal entities without the benefit of any opportunity for discovery, the order has the effect of foreclosing diversity jurisdiction to any individual filing a complaint against a legal entity.

*Limited Liability Company*

A limited liability company in most jurisdictions is the same or similar to the definition provided in La. R.S. 12:1301 A(10) which is 'an unincorporated association having one or more members.' It is formed by filing Articles of Organization with the appropriate governmental agency. It can be formed on-line in Louisiana merely by completing a few blanks. It can consist of one member and the identity of its members is found in an Operating Agreement that is not required to be publicly filed.

Therefore, it can be formed with very little disclosure as to the identity of the members. As a result, it is by design virtually impossible to determine from the public records the membership of a limited liability company.  It could be easily done if there were an opportunity for discovery.

As it stands now plaintiff can only surmise what is found in the public records concerning this particular defendant. That is it was formed in the State of Wisconsin by Timothy J. Schmidt, Sr., on September 15, 2003, and Mr. Schmidt remains its Registered Agent with an address of 1000 Freedom Way, West Bend, Wisconsin. He identifies himself in various news articles about

the company as its Chief Executive Officer. Nothing can be determined concerning the identity of any member, including the answer to the question whether or not Mr. Schmidt is a member.

As this court has the continuing duty to examine the basis for its jurisdiction, it is submitted that allowing time for basic discovery on this issue is the appropriate manner in which to proceed. Otherwise the defendants may well remove this complaint from state court if it is transferred to that venue, once they are aware of the filing of this complaint.

## *United Specialty Insurance Company*

The Louisiana Department of Insurance records reflect that United Specialty Insurance Company is domiciled in Delaware. They also show its address as being 1900 L. Don Dodson Drive, Bedford, Texas. Further internet search reflects that the Texas Department of Insurance has the same address (Texas) on this company and state of incorporation (Delaware). The Corporations Section of the Delaware Secretary of State reflects that this corporation was incorporated in Delaware July 11, 2005. Its place of domicile would seem to be either Texas or Delaware, but without an opportunity to conduct discovery all that can be presented to the court on this issue is as stated.

An amended complaint is being filed to address the issues raised by the court with respect to the domicile of plaintiff and this entity.

## Conclusion

The reasoning behind the Fifth Circuit's decision in **Harvey v. Grey Wolf Drilling Co.** seems sound as a removing party should not be allowed to form a legal entity (limited liability company) solely to create jurisdiction in this court.

However, that reasoning does not exist in an original filing. Further, to cause plaintiff to meet the burden of proving each member of a legal entity within days of the complaint being filed creates an impossible hurdle and effectively closes the door on any suit against a legal entity under diversity jurisdiction in this court.

Obviously, that requirement for the removing party in *Harvey v. Grey Wolf Drilling Co.*, *Betty Butts v. George Bittle, et al.*, and *Ronald Theriot v. Yoisel Aguilla Serrano, et al.*, is not a high bar as those parties were well aware of the members of their legal entity.

Plaintiff believes that with some reasonable amount of time to conduct some discovery a more accurate answer can be provided to the court on this issue. Failing that transfer of this matter to the Ninth Judicial District Court in and for Rapides Parish, Louisiana, is requested.

Respectfully Submitted,

**LAW OFFICE OF,**

**/S/ THOMAS R. WILLSON**
**THOMAS R. WILLSON**
**1330 JACKSON STREET**
**ALEXANDRIA, LOUISIANA 71301**
**PH. NO. (318) 442-8658**
**FAX NO. (318) 442-9637**
**rocky@rockywillsonlaw.com**
**Attorney for Kayla J. Giles (#13546)**

## Certificate of Service

Counsel for plaintiff, Kayla J. Giles, shows that no service was made of the above Memorandum on any party as service of the original complaint has not yet been made. However, a copy of this document is being provided to the named defendants, along with the complaint and amended complaint on the 3rd day of October. 2019, by depositing the same in the US Mail with sufficient postage affixed.

**/S/ THOMAS R. WILLSON**
**THOMAS R. WILLSON**