UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **KAYLA J. GILES** | § | CIVIL ACTION NO. 1:19-cv-01173 |
|     Plaintiff, | § | |
| | § | CHIEF JUDGE DEE D. DRELL |
| | § | |
| **VERSUS** | § | MAGISTRATE JUDGE JOSEPH |
| | § | H.L. PEREZ-MONTES |
| **DELTA DEFENSE LLC ET AL.** | § | |
|     Defendants | § | |
| | § | |

## ANSWER AND DEFENSES
## BY UNITED SPECIALTY INSURANCE COMPANY

**NOW INTO COURT**, through undersigned counsel, comes Defendant United Specialty Insurance Company ("USIC"), as an alleged insurer of Delta Defense, L.L.C., in response to the First Amended and Re-Stated Complaint to Recover Funds Due Under Insurance Policy ("Complaint")[1] filed by Plaintiff Kayla J. Giles ("Plaintiff") respectfully avers as follows:

### DEFENSES

### FIRST DEFENSE

The allegations in the Complaint fail to state a claim against USIC upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has failed to provide sufficient specificity in the allegations of the Complaint to permit a full response thereto, and USIC accordingly reserves its right to

---

[1] Plaintiff filed a re-stated complaint in response to the Court's Sua Sponte Jurisdictional Briefing Order. In the event the Court finds that USIC was to have answered the original complaint (Rec. Doc. 1), USIC adopts its defenses and responses as set forth herein and denies any remaining allegations.

raise any and all defenses under the USIC policy at issue (the "Policy") or applicable law until the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

### THIRD DEFENSE

The claims asserted in the Complaint are barred because the claim for defense arising out the charge for multiple criminal offenses ("Underlying Litigation") does meet the terms of the insuring agreement of the Policy.

### FOURTH DEFENSE

The claims asserted in the Complaint are barred because USIC has no obligation to provide a defense or duty to defend in connection with the investigation or defense of any criminal charge or criminal proceeding against the insured such as the Underlying Litigation.

### FIFTH DEFENSE

The claims asserted in the Complaint are barred under the Policy because the requirements of the Defense Payments and Expense provision of the Policy have not been satisfied which include in part:

    2.    We will pay criminal defense costs incurred by an insured as follows:

        a.    We will pay, up to the Criminal Defense Occurrence limit stated in the Declarations, the reasonable and necessary costs and expenses incurred by the insured in connection with the investigation or defense of any criminal charge or criminal proceeding arising out of the use of a firearm, or other weapon, that is "legally possessed" but only if and when:

            (1) The insured is arrested or charged with, or subject to inquiry or questing regarding, a crime as a result of

        the use of a firearm, or other weapon, that is "legally possessed" and used in a "act of self-defense", and

(2) The use of the firearm, or other weapon, in "act of self-defense" occurred during the policy period, and

(3) The arrest, charges, inquiry or questioning occurred no later than 60 days after the end of the policy period.

    b.    Such reasonable and necessary costs and expenses shall include legal fees incurred by the insured for the payment of legal counsel provided that such counsel's rates are reasonable and commensurate with the experience of the attorney, the complexity of the proceeding, and the rates typically paid in the jurisdiction where the proceeding is pending.

    c.    Payment of costs and expenses will reduce the Criminal Defense Occurrence Limit shown in the Declarations.

    d.    We have no obligation to provide a defense in connection with the investigation or defense of any criminal charge or criminal proceeding against the insured.

\*\*\*

"Self Defense" is defined under the Policy as:

1. "Act of self-defense" means an act of defending one's person or others by the actual or threatened use of a firearm, or other weapon, that is "legally possessed', against an imminent threat of death or serious bodily harm by an aggressor, but only if.
   a. any force used is both reasonable under the circumstances and proportionate to the threat; and
   b. the act is permitted by applicable law.

## SIXTH DEFENSE

The claims asserted in the Complaint are barred, either in whole or in part, by the terms, exclusions, conditions and/or limitations contained in the Policy.

## SEVENTH DEFENSE

The claims asserted in the Complaint are barred, either in whole or in part, to the extent that the act(s) or omission(s) which gave rise to the claims alleged in the Underlying Litigation were in violation of public policy or law.

**EIGHTH DEFENSE**

The claims asserted in the Complaint are barred, either in whole or in part, to the extent that coverage under the Policy violates public policy.

**NINTH DEFENSE**

The claims asserted in the Complaint are barred, either in whole or in part, to the extent of accord and satisfaction through payments made by USIC.

**TENTH DEFENSE**

USIC incorporates herein by reference, as if set forth herein *in extenso*, all defenses to the claims which have been asserted or will be asserted by any other Defendant in this action to the extent that such defenses are not inconsistent with the foregoing defenses asserted by USIC. USIC further reserves the right to raise any additional defenses as discovery proceeds.

**ANSWER TO ENUMERATED ALLEGATIONS**

And now, for answer to the enumerated allegations of the Complaint, USIC responds as follows:

1. USIC denies the allegations in Paragraphs 1-2 of the Complaint for lack of information sufficient to justify a belief therein and/or because those allegations contain conclusions of law that require no answer from USIC.

2. To the extent they are directed at USIC, USIC denies the allegations in Paragraph 3 of the Complaint except to admit that USIC, a surplus lines insurance company, is a foreign insurance company approved to issue policies in Louisiana through a surplus lines broker. To the extent the allegations in Paragraph 3 of the Petition are directed at other defendants, USIC denies those allegations for lack of information

sufficient to justify a belief therein.

3. USIC denies the allegations in Paragraph 4 of the Complaint for lack of information sufficient to justify a belief therein.

4. To the extent they are directed at USIC, USIC denies the allegations in Paragraph 5 of the Complaint except to admit that USIC is a foreign insurer approved to issue policies in Louisiana through a surplus lines broker, is incorporated in the state of Delaware with its principal place of business in Texas, and can be served through the Louisiana Secretary of State. To the extent the allegations in Paragraph 5 of the Petition are directed at other defendant, USIC denies those allegations for lack of information sufficient to justify a belief therein.

5. To the extent directed at USIC, USIC denies the allegations in Paragraphs 6-10 of the Complaint except to admit that USIC entered into a negotiated insurance contract with Delta Defense Inc. subject to, and in accordance with, the terms, conditions, limitations and exclusions of the Policy. The Policy is the best evidence of its contents. USIC denies that the Policy provides coverage for defense of the Underlying Litigation. To the extent directed at any other defendant, USIC denies the allegations in Paragraphs 6-10 of the Complaint for lack of information sufficient to justify a belief therein and/or because those allegations contain conclusions of law that require no answer from USIC.

6. To the extent the allegations in Paragraphs 11-12 of the Complaint refer to any written document, USIC states that those written documents are the best evidence of their contents. To the extent the remaining allegations in Paragraphs 11-12 constitute conclusions of law, no response is required. To the extent a response to such is deemed necessary, USIC denies these legal conclusions. Any remaining factual allegations are

denied for lack of sufficient information to justify a belief as to the matters asserted therein except to admit that Kayla J. Giles used a weapon and was arrested and charged with multiple criminal defenses.

7. USIC denies Paragraph 13 of the Complaint.

8. USIC denies the allegations in Paragraphs 14 of the Complaint except to admit that USIC advanced $50,000 to Plaintiff. To the extent this Paragraph references the Policy, the Policy is the best evidence of its contents. USIC denies that the Policy provides coverage for defense of the Underlying Litigation.

9. USIC denies the allegation in Paragraph 15 of the Complaint.

10. The allegations in Paragraph 16 contain conclusions of law that require no answer from USIC. To the extent an answer is deemed required, USIC denies the allegations.

11. USIC denies the allegations in Paragraph 17 of the Complaint except to admit that Kayla J. Giles hired a criminal defense attorney.

12. USIC denies the allegations in Paragraphs 18-21 of the Complaint except to admit that USIC entered into a negotiated insurance contract with Delta Defense Inc. subject to, and in accordance with, the terms, conditions, limitations and exclusions of the Policy. The Policy is the best evidence of its contents. USIC denies that the Policy provides coverage for defense of the Underlying Litigation.

13. Paragraph 22 and the final paragraph of the Complaint contain requests for relief to which no response is required. However, to the extent that a response may be deemed to be required, USIC denies that Plaintiff is entitled to any of the relief requested.

14. To the extent a response is required to any allegation in any mis-numbered

or unnumbered paragraphs, USIC denies the allegations and asserts and re-avers all of its answers, responses, exceptions, and defenses set forth in its answers to the Complaint, as if set forth *in extenso*.

**WHEREFORE**, USIC denies that Plaintiff is entitled to any of the relief that has been demanded and prays for judgment as follows:

1. That the Complaint filed herein by the Plaintiff be dismissed her cost and with prejudice; and

2. For such other equitable and legal relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Céleste D. Elliott*
**Celeste D. Elliott**
La. Bar No. 24068
**Shaundra M. Schudmak**
La. Bar No. 32007
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
Emails:  celliott@lawla.com
              sschudmak@lawla.com
**Attorneys for Defendant United Specialty Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on 22 November 2019 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/ Céleste D. Elliott*
Celeste D. Elliott