UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KAYLA J. GILES | CIVIL ACTION NO. 1:19-cv-01173 |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| DELTA DEFENSE, L.L.C. and UNITED SPECIALTY INSURANCE COMPANY | MAGISTRATE JUDGE JOSEPH H. L. PEREZ-MONTES |

## DELTA DEFENSE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Delta Defense, LLC, ("Delta") an in answer to each and every allegation of plaintiff's First Amended and Re-Stated Complaint to Recover Funds Due Under Insurance Policy ("Complaint"), avers as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or right or cause of action upon which relief may be granted against Defendant.

### SECOND DEFENSE

The claims asserted in the Complaint may be barred, in whole or in part, due to the Plaintiffs' failure to mitigate the alleged damages.

### THIRD DEFENSE

Neither defendant, Delta, nor any for whom Delta is responsible, were guilty of any negligence or other fault that caused or contributed to the alleged damages of which plaintiff complains.

## FOURTH DEFENSE

The claims asserted by plaintiff do not establish a cause of action against Delta because Delta did not negotiate or issue the policy of insurance which forms the basis of plaintiff's claims.

## FIFTH DEFENSE

The claims asserted in the complaint fail to establish a cause of action because the claim for defense arises out of multiple criminal offenses and does not meet the terms of the insurance agreement of the policy.

## SIXTH DEFENSE

Defendant specifically pleads the affirmative defenses set forth in La. Code Civ. Proc. Art. 1005, including negligence of fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, and injury by fellow servant.

## SEVENTH DEFENSE

Plaintiff has not alleged or sustained any actual damages that were proximately caused by Defendant.

## EIGHTH DEFENSE

The claims asserted by plaintiff are barred, either in whole or in part, by the terms, exclusions, conditions and limitations contained in the self-defense insurance policy which forms the basis of this lawsuit.

## NINTH DEFENSE

The Plaintiff's allegations contained in the Petition for Damages are vague and ambiguous as to Defendant and should, therefore, be dismissed.

**TENTH DEFENSE**

The claims asserted by plaintiff should be barred because Delta has no obligation to provide a defense or duty to defend in connection with the underlying criminal charges or criminal proceedings against plaintiff.

**ELEVENTH DEFENSE**

Plaintiff failed to mitigate her damages, if any.

**TWELFTH DEFENSE**

Delta incorporates herein by reference, as if set forth herein *in extensor*, all defenses to the claims which have been asserted or will be asserted by any other defendant in this matter to the extent that such defenses are not inconsistent with the foregoing defenses asserted by Delta. Delta further reserves the right to raise any additional defenses as discovery proceeds.

**ANSWER TO COMPLAINT**

1.

The allegations contained in Paragraph 1 of the Complaint do not require a response from defendant. Defendant denies the allegations contained in Paragraph 1 of the Complaint out of an abundance of caution.

2.

Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient

information to justify a belief therein.

5.

Defendant admits the allegation in subsection (a) of Paragraph 5 of the Complaint. The allegations in Paragraph 5 subsection (b) of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

To the extent directed at Delta Defense, LLC, Delta denies the allegations in Paragraph 6 of the Complaint except to admit that Delta facilitated the purchase of a negotiated insurance contract with United Specialty Insurance Company subject to and in accordance with, the terms, conditions, limitations and exclusions of the Policy. The Policy is the best evidence of its contents. All other allegations of paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

To the extent directed at Delta Defense, LLC, Delta denies the allegations in Paragraph 7 of the Complaint. The Policy of insurance is the best evidence of its contents. All other allegations of paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

To the extent directed at Delta Defense, LLC, Delta denies the allegations in Paragraph 8 of the Complaint. The Policy of insurance is the best evidence of its contents. All other allegations of paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

To the extent directed at Delta Defense, LLC, Delta denies the allegations in Paragraph 9

of the Complaint. The Policy of insurance is the best evidence of its contents. All other allegations of paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein. To the extent any of the allegations constitute conclusions of law, no response is required.

12.

The allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein. To the extent any of the allegations constitute conclusions of law, no response is required.

13.

Defendant denies the allegations of Paragraph 13 of the Complaint.

14.

Defendant admits the allegations contained in the first sentence of Paragraph 14 of the Complaint to the extent that $50,000 was tendered to plaintiff. Defendant denies the allegations contained in the second sentence of Paragraph 14 of the Complaint. Further, the Policy of insurance is the best evidence of its contents

15.

The allegations of Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the Complaint are conclusions of law and require no answer. To the extent an answer is required, Delta denies the allegations.

17.

The allegations of Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of the Complaint do not require a response from defendant. Defendant denies the allegations contained in Paragraph 19 of the Complaint out of an abundance of caution.

20.

The allegations contained in Paragraph 20 of the Complaint do not require a response from defendant. Defendant denies the allegations contained in Paragraph 20 of the Complaint out of an abundance of caution.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

The allegations contained in Paragraph 22 of the Complaint do not require a response from defendant. Defendant denies the allegations contained in Paragraph 22 of the Complaint out of an abundance of caution.

23.

To the extent a response is required to any allegation in any mis-numbered or unnumbered paragraphs, Delta denies the allegations and asserts and re-avers all of its answers, responses, exceptions and defenses set forth in its answers to the Complaint.

WHEREFORE, Defendant, Delta Defense, LLC, prays this Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings had, judgment be rendered in its favor and against plaintiff, dismissing all claims, with prejudice, at plaintiff's sole costs and for all other general and equitable relief to which defendant may be entitled under the law.

Respectfully submitted:

**KOEPPEL CLARK**

_____/s/ *W. Scarth Clark*_____
**PETER S. KOEPPEL (#1465)**
**W. SCARTH CLARK (#22993)**
**MEGAN B. JACQMIN (#33199)**
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile:  (504) 524-1024
*Attorneys for Delta Defense, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November 2019, a copy of the above and foregoing pleading has been forwarded to all counsel of record via CM/ECF filing through the United States District Court system, email, and/or United States Mail.

_/s/ W. Scarth Clark___
**W. SCARTH CLARK**