UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KAYLA J. GILES** | **CIVIL ACTION NO. 1:19-cv-01173** |
| **VERSUS** | **CHIEF JUDGE DEE D. DRELL** |
| **DELTA DEFENSE, L.L.C. and UNITED SPECIALTY INSURANCE COMPANY** | **MAGISTRATE JUDGE JOSEPH H. L. PEREZ-MONTES** |

### DELTA DEFENSE, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Delta Defense, LLC which submits this Memorandum in Support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Summary Judgment dismissing plaintiff's, Kayla Giles ("Giles"), claims against Delta Defense, LLC ("Delta") is appropriate because Giles can offer no evidence supporting her claims that Delta is liable to her for payments pursuant the insurance policy issued by United Specialty Insurance Company to Delta. Delta is not an insurance company and has no authority regarding the claims process, therefore, Delta's Motion for Summary Judgment should be granted.

### INTRODUCTION

Kayla Giles filed the instant suit with a complaint titled "Complaint to Recover Funds Due Under Insurance Policy" on September 6, 2019 and named United Specialty Insurance Company ("USIC") and Delta Defense, LLC as the defendants. (Doc. 5). The insurance policy which forms the basis of this suit was issued by United Specialty Insurance Company to Delta Defense, LLC to provide self-defense liability coverage to all United States Concealed Carry Association ("USCCA") members. Ex. 1-A, CONFIDENTIAL, Policy. Under the policy, if a USCCA member

is forced to use their concealed weapon in an act of self-defense as defined by the policy, the policy will pay up to $150,000.00 in criminal defense reimbursement and up to $1,000,000.00 towards civil suit defense and damages to Platinum Members. *Id.*

## BACKGROUND FACTS

Giles, a member of the USCCA, enrolled in the self-defense liability policy issued by USIC on August 27, 2018. On September 8, 2018, Giles and her estranged husband, Thomas Coutee, agreed to meet at the Walmart parking lot in Alexandria so Coutee could pick up Giles' children to attend his daughter's birthday party. During the exchange of the children, an altercation occurred and Giles shot Coutee with the handgun she carried in her vehicle. Coutee died as a result of his injuries and Giles was arrested and subsequently charged with second degree murder and obstruction of justice. Her criminal case is pending and captioned, *State of Louisiana vs. Kayla Jean Giles Coutee*, 9th JDC, Parish of Rapides, Docket No.: 345209.

While still at the scene of the shooting, Giles contacted the USCCA to report the incident and seek coverage pursuant to the self-defense liability insurance policy issued by USIC. After reviewing the preliminary reports, USIC tendered $50,000.00 to be used as a retainer for Giles' criminal defense attorney. With that payment, USIC issued a Reservation of Rights letter on October 15, 2018 due to its ongoing review of the claim. After receiving more information and documents regarding the police investigation and criminal charges filed against Giles, USIC denied Giles' claim and issued a Disclaimer of Coverage because the matter did not involve an "act of self-defense" as defined by the policy. Delta was not involved in any of the foregoing except that it is the named insured on behalf of USCCA members of the policy issued by USIC. This lawsuit followed.

**LAW AND ARGUMENT**

**I.        Summary Judgment Standard**

Plaintiff bears the burden of proving all essential elements of her claims. Pursuant to Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The summary judgment standard is well established "where Plaintiffs bear the burden of proof at trial, Defendants seeking summary judgment bear the initial burden of showing that Plaintiffs have failed to produce evidence raising a genuine issue of fact on any essential element of their claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Once Defendants achieve this, the burden shifts to Plaintiffs to produce evidence demonstrating a genuine issue of material fact exists for trial. *Id.; Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Ci. 1995). The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**A.  Delta Defense, LLC is the named insured under USIC Policy No. USA4054455, not the insurer.**

Plaintiff seeks to recover funds "*due under insurance policy.*" (Doc. No. 5). Plaintiff's causes of action stated in her Complaint are all based on allegations that she is entitled to funds owed under the policy of insurance issued by USIC. *Id.* Plaintiff seeks the "amounts which should have been covered under the policy of self-defense liability insurance." *Id.* The complaint does not allege Delta is an insurer or insurance company and she cannot present any evidence to show otherwise. Giles has made no allegations, such as fraud or negligence, that Delta is liable for any amounts or actions beyond the terms and proceeds of the insurance policy.

Delta is not a proper defendant in this action because Delta is a private company that provides marketing, operations and customer care services to the USCCA including educational programs, training and legal protection programs. Delta is the *owner* of the insurance policy issued by USIC and designates USCCA members as insureds should they elect to enroll and pay membership fees. Ex. 1-A, CONFIDENTIAL. Delta owns and pays for the policy and enrolled USCCA members receive the benefits. Further, Delta is identified as the policy holder on the declarations page. Ex. 1-A, CONFIDENTIAL, Policy, USIC 000006. Delta is not an insurer, thus any claims for recovery of funds due pursuant to an insurance contract with USIC should be directed to USIC. Plaintiff cannot provide any evidence to show a genuine issue of fact regarding Delta's status as an insurer because none exists. No caselaw is necessary to support this assertion as this is not a matter of law or interpretation. All evidence and documents support the fact that Delta is not an insurer.

B.  **Delta has no involvement in the coverage determination made by USIC.**

Beyond the fact that Delta is not an insurer, Delta has no involvement in the coverage decisions made by USIC under the policy. Ex. 1, CONFIDENTIAL, Affidavit. Delta does not assess the claims, investigate, retain defense attorneys or provide coverage opinions or decisions regarding payment of claims. When a USCCA member files a claim, they contact USCCA who forwards the claims to USIC. USIC investigates the claims, assesses coverage and pays claims when applicable. Delta is not involved in this process, and plaintiff cannot provide any evidence to the contrary. Further, the initial tender of $50,000.00 which is acknowledges by Giles was issued by USIC to Giles and Delta was not listed as a payor or payee because Delta is not involved in claims processing.

    C. **Plaintiff's Complaint contains no allegations against Delta separate from seeking the proceeds of the insurance policy.**

In most civil suits, both the insured and the insurer are named as defendants. Louisiana has permitted this direct action against insurers via statute, La. R.S. 22:1269. The insurer is named because it provides coverage to the insured who is the alleged tortfeasor. That is not the case here because Delta has committed no tort and plaintiff has made no allegations of tortious conduct by Delta. Based upon the facts pled and causes of action identified by plaintiff, there is no question of fact that Delta is neither a tortfeasor or insurer, thus claims against Delta should be dismissed.

    D. **Delta agrees with the denial of coverage issued by USIC.**

While Delta has no involvement in the claims and coverage process, Delta agrees with and supports USIC's Motion for Summary Judgment which asserts that the incident is not covered pursuant to the policy terms. It is clear that Giles' actions before, during and after the shooting of Coutee, and the subsequent criminal charges brought against her create substantial support for USIC's denial of her claim. Even if this Court finds ambiguity in Delta's status as the insured and not the insurer, plaintiff's claims should be dismissed as to both defendants based upon the clear policy language.

## CONCLUSION

Based upon the foregoing, Delta is entitled to summary judgment because Delta is not an insurer and does not participate in the claims process, therefore, the recovery of funds allegedly due under an insurance policy does not involve Delta in any way. Plaintiff has made no allegations nor pled any facts to the contrary. This Court should grant Delta's Motion for Summary Judgment and dismiss all claims against Delta with prejudice.

Respectfully submitted,

**KOEPPEL CLARK**

\_\_\_*/s/W. Scarth Clark*_____
**PETER S. KOEPPEL (#1465)**
**W. SCARTH CLARK (#22993)**
**MEGAN B. JACQMIN (#33199)**
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: 504-598-1000
Facsimile: 504-524-1024

*Attorneys for Delta Defense, LLC*

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that I have on this 24th day of April 2020, served the foregoing pleading on all counsel of record herein via CM/ECF filing through the United States District Court System, email, and/or United States Mail.

_____*/s/ W. Scarth Clark*_____
**W. SCARTH CLARK**