| Docket # | Division | Info |
|---|---|---|
| 345209 | G | BILL G/J 8/27/19 99-9999 |

| Plantiff | District Attorney |
|---|---|
| State Of Louisiana | File Number: 99-9999   HARRIS, BROOKE |
| **Defendant** | **Attorney** |
| 001 COUTEE, KAYLA JEAN GILES | HIGGINS III, GEORGE L |
| **Address** | **Date of Birth** |
| [redacted] | [redacted] |
| **City St Zip** | **Pin** |
| [redacted] | |

## Charges

| Count | M/F | Offense | Plea |
|---|---|---|---|
| 1 | F | MURDER 2 | N |

| Count | M/F | Offense | Plea |
|---|---|---|---|
| 1 | F | OBSTRUCT JUSTICE CRIMINAL | N |

## Minutes

| Date | Division | Description |
|---|---|---|
| 8/27/19 | E | No appearance made by accused or attorney. Brooke Harris |
| 8/27/19 | E | present representing the Attorney General's Office. Pursuant |
| 8/27/19 | E | to a true Bill of Indictment being returned by the Grand |
| 8/27/19 | E | Jury, State request that an arrest warrant be issued for the |
| 8/27/19 | E | charge of one (1) count of Second Degree Murder and one (1) |
| 8/27/19 | E | count of Obstruction of Justice. Court ordered that the |
| 8/27/19 | E | arrest warrant be issued and upon her arrest a bond in the |
| 8/27/19 | E | amount of 1 MILLION DOLLARS be set on the charge of Second |
| 8/27/19 | E | Degree Murder and a bond be set in the amount of $100,000 on |
| 8/27/19 | E | the charge of Obstruction of Justice. |
| 10/14/19 | G | Accused present in open court with counsel G HIGGINS III. |
| 10/14/19 | G | State represented by P MAGEE. Court notes that a new Bill of |
| 10/14/19 | G | Indictment has been returned in this matter. State moves to |
| 10/14/19 | G | consolidate all filings from docket #340,526 into this |
| 10/14/19 | G | docket. Court ordered that copies of all filings from |

| | | |
|---|---|---|
| 10/14/19 | G | #340,526 be placed into this docket. |
| 10/14/19 | G | Accused waived formal arraignment. Defendant entered plea of |
| 10/14/19 | G | not guilty to all charge(s). |
| 10/14/19 | G | Court addressed both counsels regarding the scheduling |
| 10/14/19 | G | order. State made reference to Motion to Reduce Bond that |
| 10/14/19 | G | was filed by the defense. State advised the Court that he |
| 10/14/19 | G | will have his response and opposition by October 21, 2019. |
| 10/14/19 | G | Court sets the Motion to Reduce Bond for 11-4-19 at 1:30 pm. |
| 11/18/19 | G | Accused present in open court with counsel G HIGGINS III. |
| 11/18/19 | G | State represented by B HARRIS. For Motion(s) MTN REDUCE |
| 11/18/19 | G | BOND, Defense requests witnesses be placed under the rule of |
| 11/18/19 | G | sequestration. Det. William Butler and Evelyn Giles Jones |
| 11/18/19 | G | are present and sworn. Both witnesses exit the courtroom. |
| 11/18/19 | G | Defense offers to file and introduce into evidence as joint |
| 11/18/19 | G | exhibits the following: A- Transcript of October 22nd, 2018 |
| 11/18/19 | G | hearing, Transcript of November 9th, 2019 hearing, |
| 11/18/19 | G | Transcript of November 30, 2018 hearing; B- Statement made |
| 11/18/19 | G | by Defendant to Det. Butler on September 8th, 2018; C- a |
| 11/18/19 | G | disc labeled "Bozeman Statement;" D- a disc labeled "Sonic |
| 11/18/19 | G | video enhanced." No objection State. Court admits. Defense |
| 11/18/19 | G | calls Defendant, who is sworn. No questions State. Defense |
| 11/18/19 | G | calls Evelyn Giles Jones. Witness was previously sworn. |
| 11/18/19 | G | State cross-examines. Witness is released. Defense calls |
| 11/18/19 | G | Det. Butler. Witness was previously sworn. State objects to |
| 11/18/19 | G | this witness testifying as he has previously testified, a |
| 11/18/19 | G | transcript of which has been admitted. Court notes the |
| 11/18/19 | G | objection for the record but will allow the witness to |
| 11/18/19 | G | testify. Defense questions witness. State objects to line of |
| 11/18/19 | G | questions. Court overrules. Defense offers to file and |
| 11/18/19 | G | introduce into evidence as Exhibit E the transcript of a |
| 11/18/19 | G | Children's Advocacy Center interview of the Defendant's |
| 11/18/19 | G | daughter. State objects to the introduction on relevance to |
| 11/18/19 | G | this hearing. Court overrules. Court admits under seal. |
| 11/18/19 | G | Defense continues to question witness. State objects on |
| 11/18/19 | G | relevance. Defense withdraws. State objects, question calls |

| | | |
|---|---|---|
| 11/18/19 | G | for a legal conclusion. Defense withdraws. State objects on |
| 11/18/19 | G | relevance. State and Defense give argument. Court overrules. |
| 11/18/19 | G | No questions State. Witness is released. State prefers to |
| 11/18/19 | G | Brief their arguement rather than give oral argument. Court |
| 11/18/19 | G | will review the submitted evidence. Court orders State and |
| 11/18/19 | G | Defense submit their Briefs by November 22nd, 2019. |
| 12/03/19 | G | PER WRITTEN ORDER OF THE COURT: Considering defendant's |
| 12/03/19 | G | Motion for Reduction of Bond, it is hereby: ORDERED that |
| 12/03/19 | G | defendant's motion is GRANTED; ORDERED that defendant's bond |
| 12/03/19 | G | amount for Second Degree Murder is reduced to $500,000.00. |
| 12/03/19 | G | ORDERED that defendant's bond amount for Obstruction of |
| 12/03/19 | G | Justice is reduced to $10,000.00. See Order for conditions |
| 12/03/19 | G | of bond. |
| 12/16/19 | G | Accused present in open court with counsel G HIGGINS III. |
| 12/16/19 | G | State represented by P MAGEE. For Motion(s) STATE'S MTN |
| 12/16/19 | G | RECONSIDER CONDITIONS OF DEFENDANTS BOND, State addressed |
| 12/16/19 | G | and moved for the Court to issue another condition placed |
| 12/16/19 | G | on the defendant for the bonding purposes. State would like |
| 12/16/19 | G | the defendant to have and electronic GPS monitoring system |
| 12/16/19 | G | attached to her at all times. Defense has no objection to |
| 12/16/19 | G | that request. Defense also noted for the record that once |
| 12/16/19 | G | the defendant was released from the jail she contacted the |
| 12/16/19 | G | defense attorney and it was suggested to her to get into |
| 12/16/19 | G | contact with a company from Laffayette to which the |
| 12/16/19 | G | defendant complied and now has ankle monitor/GPS system. |
| 12/16/19 | G | Court granted the State's request as well as maintain the |
| 12/16/19 | G | conditions that were ordered previously. Court then moved to |
| 12/16/19 | G | have the defendant sworn. Clerk swore in the defendant. |
| 12/16/19 | G | Court questioned the defendant in open court. Defendant |
| 12/16/19 | G | addressed the Court and informed the Court that she |
| 12/16/19 | G | understood all the orders and conditions set forth by the |
| 12/16/19 | G | Court. |
| 3/09/20 | G | Accused present in open court with counsel G HIGGINS III and |

| | | |
|---|---|---|
| 3/09/20 | G | T WILLSON. State present and represented by B HARRIS, P |
| 3/09/20 | G | MAGEE, and T GRAY. Defense T WILLSON moved to file a written |
| 3/09/20 | G | motion to enroll as co-counsel. Court granted motion. State |
| 3/09/20 | G | noted that they will start with the MTN TO REVOKE DEFENDANTS |
| 3/09/20 | G | BOND. Defense then moved to have the witnesses who were |
| 3/09/20 | G | present, sworn, and placed under the rule of sequestration. |
| 3/09/20 | G | No objection by the State. Defense and State witnesses were |
| 3/09/20 | G | sworn and placed under the rule of sequestration: Detective |
| 3/09/20 | G | William Butler, Detective Thomas Rodney, Megan D'autremont, |
| 3/09/20 | G | Officer Alexander Helminger, Chris Pruitt, Marc Namias, and |
| 3/09/20 | G | Special Agent Andrew Bergeron. FOR MOTION REVOKE BOND: State |
| 3/09/20 | G | testimony (1) Special Agent Andrew Bergeron, who was |
| 3/09/20 | G | previously sworn. Defense objected to hearsay. Court |
| 3/09/20 | G | overruled. State continued on direct. State moved to |
| 3/09/20 | G | introduce for identification and file into evidence Exhibit |
| 3/09/20 | G | A: Police report from Wagoner County Sheriff Office; Exhibit |
| 3/09/20 | G | B- Petition for Protective Order for Andrew M. Scocos in |
| 3/09/20 | G | Wagoner County. No objection by the Defense. Court admitted |
| 3/09/20 | G | Exhibit A-B. Defense cross-examined witness (1). No |
| 3/09/20 | G | re-direct by the State. State moved to excused and release |
| 3/09/20 | G | the witness from the rule of sequestion. No objection by the |
| 3/09/20 | G | Defense. Court released witness (1). State testimony (2) |
| 3/09/20 | G | Marc Namias, who was sworn previously. State moved to |
| 3/09/20 | G | introduce and file into evidence Exhibit C-(1) Document |
| 3/09/20 | G | identified as page 4 of 70 Location History of the |
| 3/09/20 | G | Defendant. No objection by the Defense. Court admits Exhibit |
| 3/09/20 | G | C. Defense cross-examined. No re-direct from the State. |
| 3/09/20 | G | State moved to excuse and release the witness from the rule |
| 3/09/20 | G | of sequestration. No objection by Defense. Court granted |
| 3/09/20 | G | motion. State gave argument to the Court on behalf of this |
| 3/09/20 | G | particular motion. Defense gave argument to the Court for |
| 3/09/20 | G | this motion. No rebuttal argument by State. Court takes a |
| 3/09/20 | G | recess at 2:35 P.M. Court reconvened at 3:01 P.M. Accused |

| Date | Code | Entry |
|---|---|---|
| 3/09/20 | G | present in open court with counselors. State present and |
| 3/09/20 | G | represented. Court gave verbal reasons to the counselors on |
| 3/09/20 | G | behalf of the ruling. Court ordered that the defendant |
| 3/09/20 | G | violated her conditions of bond and is found to be in |
| 3/09/20 | G | contempt. Court ordered that the defendant serve 30 days in |
| 3/09/20 | G | the Parish Prison for being in contempt of Court. Sentence |
| 3/09/20 | G | is to begin today 3.9.20 once motions are heard. Court also |
| 3/09/20 | G | notified and placed additional conditions of bond for the |
| 3/09/20 | G | defendant to abide by once released from the 30 days. Court |
| 3/09/20 | G | ordered the defendant to abide by a curfew from 10 PM to |
| 3/09/20 | G | 6 AM; No bars, lounges, or casinos. No contact or 3rd party |
| 3/09/20 | G | contact with the victims in this matter. Defendant is |
| 3/09/20 | G | prohibited from internet usage and social media. State |
| 3/09/20 | G | called next motion entitled: STATE'S NOTICE PURSUANT TO |
| 3/09/20 | G | LA.C.CR.P.ART. 768: State notified the Defense and Court |
| 3/09/20 | G | that the statements made by the defendant to Detective |
| 3/09/20 | G | Butler on 9.8.18 at 1500 hours as well as the statements |
| 3/09/20 | G | made by the defendant to Cpl. Ronnie Stevens on 9.8.18. |
| 3/09/20 | G | Defense noted and accepted this supplement for the record. |
| 3/09/20 | G | State called next motion titled: MTN INVOKE FIREARM |
| 3/09/20 | G | SENTENCING PROVISIONS- B HARRIS gave argument to the Court |
| 3/09/20 | G | as to why this should be considered. T WILLSON gave further |
| 3/09/20 | G | argument to the Court. No rebuttal argument by State. Court |
| 3/09/20 | G | granted this provision. State called next motion titled: |
| 3/09/20 | G | MTN FOR SUBPOENA DUCES TECUM UNDER LA CODE OF CRIMINAL |
| 3/09/20 | G | PROCEDURE ARTICLE 66: B HARRIS from the State addressed the |
| 3/09/20 | G | Court with reasons as to why this motion was filed. Defense |
| 3/09/20 | G | T WILLSON notified the Court that this was not the proper |
| 3/09/20 | G | way to achieve these particular documents or policies. Court |
| 3/09/20 | G | takes a brief recess at 3:32 P.M. to research case law if |
| 3/09/20 | G | any were avaliable. Court reconvened at 3:44 P.M. Accused |
| 3/09/20 | G | present with counsel. State present and represented. Court |
| 3/09/20 | G | is prepared to rule on this motion. Court ordered that the |

| | | |
|---|---|---|
| 3/09/20 | G | Subpoena D.T. in this matter be denied. Therefore, granting |
| 3/09/20 | G | Defense Motion to Quash that Subpoena D.T. State objected to |
| 3/09/20 | G | the Court's ruling for the record. Next, the State that they |
| 3/09/20 | G | would like to go out of order and take up the Defense's |
| 3/09/20 | G | Motion at this time. Defense called motion titled: |
| 3/09/20 | G | DEFENDANT'S MOTION TO DECLARE LOUISIANA'S 10-2 VERDICT |
| 3/09/20 | G | UNCONSTITUTIONAL, WITH INCORPORATED MEMORANDUM- Defense |
| 3/09/20 | G | G HIGGINS III gave argument to the Court. State T GRAY gave |
| 3/09/20 | G | opposing argument to the Court. Court denied defense motion |
| 3/09/20 | G | and found the LA Verdict 10-2 to be Constitutional. State's |
| 3/09/20 | G | next and last motion for the day is entitled: MOTION IN |
| 3/09/20 | G | LIMINE TO EXCLUDE USE OF KALB INTERVIEW AND LETTER AT TRIAL |
| 3/09/20 | G | AND INCORPORATED MEMORANDUM IN SUPPORT- B HARRIS for the |
| 3/09/20 | G | State called to testify (1) Detective William Butler, who |
| 3/09/20 | G | was sworn prior to testimony given. Defense objected and |
| 3/09/20 | G | notified the Court of reasons as to why some of these |
| 3/09/20 | G | particular motions were filed and needed to be heard on |
| 3/09/20 | G | Friday 3.13.20. Court noted this for the record. State |
| 3/09/20 | G | continued with direct examination of witness (1). State |
| 3/09/20 | G | offered to introduce and file into evidence Exhibit (A)- |
| 3/09/20 | G | Disc of the jail call interview with KALB from 9.14.18. |
| 3/09/20 | G | Defense moved to stipulate this evidence with the State. No |
| 3/09/20 | G | objection by the State. Court admits State's Exhibit (A). |
| 3/09/20 | G | State also offered to introduce and file into evidence UNDER |
| 3/09/20 | G | SEAL Exhibit (B)- 11 page handwritten letter to Brooke |
| 3/09/20 | G | Buford with KALB from the defendant. No objection by |
| 3/09/20 | G | Defense. Court admits State's Exhibit (B). T WILLSON for the |
| 3/09/20 | G | Defense cross-examined the witness. No redirect from the |
| 3/09/20 | G | State. Court excused this witness but will remain under the |
| 3/09/20 | G | rule of sequestration and is ordered to return Friday |
| 3/09/20 | G | 3.13.20 at 9:30 A.M. B Harris gave brief argument to the |
| 3/09/20 | G | Court. T Willson gave opposing argument to the Court. |

| Date | | Minute |
|---|---|---|
| 3/09/20 | G | Court notified counselors that this motion along with the |
| 3/09/20 | G | offered evidence will be reviewed and a ruling will be |
| 3/09/20 | G | handed down on Friday 3.13.20. State had nothing further |
| 3/09/20 | G | for today's motions but will continue with the remaining on |
| 3/09/20 | G | Friday. Defense called motion entitled: MOTION FOR |
| 3/09/20 | G | ADDITIONAL PEREMPTORY CHALLENGES- Defense G HIGGINS III |
| 3/09/20 | G | moved for the Court to allow additional challenges since |
| 3/09/20 | G | this case has had a lot of publicity. State B HARRIS had no |
| 3/09/20 | G | opposition to this, just as long as the State was give the |
| 3/09/20 | G | same amount. Court denied motion. Defense called next motion |
| 3/09/20 | G | entitled: MOTION FOR INDIVIDUAL VOIR DIRE: Defense G HIGGINS |
| 3/09/20 | G | III gave explanation and argument to the Court. State P |
| 3/09/20 | G | MAGEE gave opposing argument. Court ordered motion Denied. |
| 3/09/20 | G | Defense objected to ruling for the record. Defense next |
| 3/09/20 | G | motion was called for argument entitled: MOTION FOR AND |
| 3/09/20 | G | REQUEST FOR WRITTEN JURY CHARGE PRIOR TO TRIAL: G HIGGINS |
| 3/09/20 | G | III for the Defense and P MAGEE for the State gave their |
| 3/09/20 | G | explanations to the Court along with brief argument. Court |
| 3/09/20 | G | ordered motion Denied. Court notified counselors that the |
| 3/09/20 | G | remaining motions will be heard on Friday 3.13.20 at 9:30. |
| 8/06/20 | G | Pursuant to the 1st Ameded Case Management Order dated |
| 8/06/20 | G | August 5, 2020 IT IS HEREBY ORDERED that a: (1) Two week |
| 8/06/20 | G | trial by jury be set to begin on May 17, 2021 at 9:00 AM; |
| 8/06/20 | G | (2) Pre-trial conference be set for April 21, 2021 at 1:30 |
| 8/06/20 | G | PM; (3) Status conference be set for March 16, 2021 at 1:30 |
| 8/06/20 | G | PM. |

Hide Minutes