**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**KAYLA J. GILES**                                              **CIVIL ACTION NO. 1:19-cv-01173**

**VERSUS**                                                     **CHIEF JUDGE DEE D. DRELL**

**DELTA DEFENSE, L.L.C., and**                              **MAGISTRATE JUDGE JOSEPH**
**UNITED SPECIALTY INSURANCE COMPANY**              **H.L. PEREZ-MONTES**
**Defendants**
-------------------------------------------------------------------------------------------------------------------

### MEMORANDUM REGARDING MOTION FOR STAY

MAY IT PLEASE THE COURT:

*Background*

**KAYLA J. GILES**, a/k/a Kayla Giles Coutee, filed a complaint in this court seeking to recover under the terms of an insurance policy. Named as defendants were (a.) Delta Defense, L.L.C., and (b.) United Specialty Insurance Company. The jurisdiction of this Court was invoked under diversity of citizenship, it being her claim that both defendants were 'citizens' of other states.

*Summary*

Plaintiff is awaiting trial on charges of Second Degree Murder and Obstruction of Justice in the Ninth Judicial District Court in and for Rapides Parish, Louisiana. For that reason, it is her request that further proceedings in this matter be stayed pending the outcome of these criminal charges.

Argument

The facts at issue in the case before this court are essentially the same as those involved in the criminal case in Rapides Parish. Kayla Giles was indicted for one (1) count of Second Degree Murder in violation of La. R.S. 14:30.1, and one (1) count of Obstruction of Justice in violation of La. R.S. 14:130.1, in docket number 345,209, on the docket of the Ninth Judicial District Court (Exhibit A).

Second Degree Murder is defined in La. R.S. 14:30.1, as being -

"§30.1. Second degree murder
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated or first degree rape, forcible or second degree rape, aggravated arson, aggravated burglary, aggravated kidnapping, second degree kidnapping, aggravated escape, assault by drive-by shooting, armed robbery, first degree robbery, second degree robbery, simple robbery, cruelty to juveniles, second degree cruelty to juveniles, or terrorism, even though he has no intent to kill or to inflict great bodily harm.
(3) When the offender unlawfully distributes or dispenses a controlled dangerous substance listed in Schedules I through V of the Uniform Controlled Dangerous Substances Law, or any combination thereof, which is the direct cause of the death of the recipient who ingested or consumed the controlled dangerous substance.
(4) When the offender unlawfully distributes or dispenses a controlled dangerous substance listed in Schedules I through V of the Uniform Controlled Dangerous Substances Law, or any combination thereof, to another who subsequently distributes or dispenses such controlled dangerous substance which is the direct cause of the death of the person who ingested or consumed the controlled dangerous substance.
B. Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

Added by Acts 1973, No. 111, §1. Amended by Acts 1975, No. 380, §1; Acts 1976, No. 657, §2; Acts 1977, No. 121, §1; Acts 1978, No. 796, §1; Acts 1979, No. 74, §1, eff. June 29, 1979; Acts 1987, No. 465, §1; Acts 1987, No. 653, §1; Acts 1993, No. 496, §1; Acts 1997, No. 563, §1; Acts 1997, No. 899, §1; Acts 2006, No. 53, §1; Acts 2008, No. 451, §2, eff. June 25, 2008; Acts 2009, No. 155, §1; Acts 2015, No. 184, §1."

Obstruction of Justice in violation of La. R.S. 14:130.1, is defined as being -

"§130.1. Obstruction of justice
A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as described in this Section:
    (1) Tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal, or addition of any object or substance either:
        (a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by state, local, or United States law enforcement officers; or
        (b) At the location of storage, transfer, or place of review of any such evidence.
    (2) Using or threatening force toward the person or property of another with the specific intent to:
        (a) Influence the testimony of any person in any criminal proceeding;

(b) Cause or induce the withholding of testimony or withholding of records, documents, or other objects from any criminal proceeding;

(c) Cause or induce the alteration, destruction, mutilation, or concealment of any object with the specific intent to impair the object's integrity or availability for use in any criminal proceeding;

(d) Evade legal process or the summoning of a person to appear as a witness or to produce a record, document, or other object in any criminal proceeding;

(e) Cause the hindrance, delay, or prevention of the communication to a peace officer, as defined in R.S. 14:30, of information relating to an arrest or potential arrest or relating to the commission or possible commission of a crime or parole or probation violation.

(3) Retaliating against any witness, victim, juror, judge, party, attorney, or informant by knowingly engaging in any conduct which results in bodily injury to or damage to the property of any such person or the communication of threats to do so with the specific intent to retaliate against any person for:

(a) The attendance as a witness, juror, judge, attorney, or a party to any criminal proceeding or for producing evidence or testimony for use or potential use in any criminal proceeding, or

(b) The giving of information, evidence, or any aid relating to the commission or possible commission of a parole or probation violation or any crime under the laws of any state or of the United States.

(4) Inducing or persuading or attempting to induce or persuade any person to do any of the following:

(a) Testify falsely or, without right or privilege to do so, to withhold any testimony.

(b) Without the right or privilege to do so, absent himself from such proceedings despite having received service of a subpoena.

B. Whoever commits the crime of obstruction of justice shall be subject to the following penalties:

(1) When the obstruction of justice involves a criminal proceeding in which a sentence of death or life imprisonment may be imposed, the offender shall be fined not more than one hundred thousand dollars, imprisoned for not more than forty years at hard labor, or both.

(2) When the obstruction of justice involves a criminal proceeding in which a sentence of imprisonment necessarily at hard labor for any period less than a life sentence may be imposed, the offender may be fined not more than fifty thousand dollars, or imprisoned for not more than twenty years at hard labor, or both.

(3) When the obstruction of justice involves any other criminal proceeding, the offender shall be fined not more than ten thousand dollars, imprisoned for not more than five years, with or without hard labor, or both.

Acts 1984, No. 561, §1, eff. Jan. 1, 1985; Acts 2016, No. 215, §1."

The only penalty for Second Degree Murder, under the statute, is life imprisonment at hard labor to be served without probation, parole or suspension of sentence (Exhibit B). The penalty for Obstruction of Justice is $100,000.00 or 40 years at hard labor or both (Exhibit C).

Kayla Giles entered a plea of not guilty and has asserted she acted in self-defense under the provisions of La. R.S. 14:20 A(4)(a). That statute is the Louisiana equivalent of 'stand your ground' statutes found in other jurisdictions. It states that -

"§20. Justifiable homicide

A. A homicide is justifiable:

(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger.

(2) When committed for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm by one who reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing.

(3) When committed against a person whom one reasonably believes to be likely to use any unlawful force against a person present in a dwelling or a place of business, or when committed against a person whom one reasonably believes is attempting to use any unlawful force against a person present in a motor vehicle as defined in R.S. 32:1(40), while committing or attempting to commit a burglary or robbery of such dwelling, business, or motor vehicle.

(4) (a) When committed by a person lawfully inside a dwelling, a place of business, or a motor vehicle as defined in R.S. 32:1(40) when the conflict began, against a person who is attempting to make an unlawful entry into the dwelling, place of business, or motor vehicle, or who has made an unlawful entry into the dwelling, place of business, or motor vehicle, and the person committing the homicide reasonably believes that the use of deadly force is necessary to prevent the entry or to compel the intruder to leave the dwelling, place of business, or motor vehicle.

    (b) The provisions of this Paragraph shall not apply when the person committing the homicide is engaged, at the time of the homicide, in the acquisition of, the distribution of, or possession of, with intent to distribute a controlled dangerous substance in violation of the provisions of the Uniform Controlled Dangerous Substances Law.

B. For the purposes of this Section, there shall be a presumption that a person lawfully inside a dwelling, place of business, or motor vehicle held a reasonable belief that the use

of deadly force was necessary to prevent unlawful entry thereto, or to compel an unlawful intruder to leave the dwelling, place of business, or motor vehicle when the conflict began, if both of the following occur:

> (1) The person against whom deadly force was used was in the process of unlawfully and forcibly entering or had unlawfully and forcibly entered the dwelling, place of business, or motor vehicle.

> (2) The person who used deadly force knew or had reason to believe that an unlawful and forcible entry was occurring or had occurred.

C. A person who is not engaged in unlawful activity and who is in a place where he or she has a right to be shall have no duty to retreat before using deadly force as provided for in this Section, and may stand his or her ground and meet force with force.

D. No finder of fact shall be permitted to consider the possibility of retreat as a factor in determining whether or not the person who used deadly force had a reasonable belief that deadly force was reasonable and apparently necessary to prevent a violent or forcible felony involving life or great bodily harm or to prevent the unlawful entry.

> Added by Acts 1976, No. 655, §1. Amended by Acts 1977, No. 392, §1; Acts 1983, No. 234, §1; Acts 1993, No. 516, §1; Acts 1997, No. 1378, §1; Acts 2003, No. 660, §1; Acts 2006, No. 141, §1; Acts 2014, No. 163, §1."

That is, if Kayla Giles is found to have acted in self-defense by the jury in her criminal case, the finding would have a great impact on the result in this case.

The criminal case is set for trial on May 17, 2021, and a written order to that effect is forthcoming.

This court has previously addressed these issues in ***Few, et al. v. Stafford, et al.*** Civil Action No. 1:16-CV-01513 (W.D. La. 2017).  In that opinion the court stated -

"Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding." United States v. Little Al, 712 F.2d 133, 136 (5th Cir. 1983); accord Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay [a] civil action until the [underlying] criminal case or the likelihood of a criminal case is ended.") (citing Heck v. Humphrey, 512 U.S. 477 (1994)).

Because defendant-claimant Kayla Giles is currently facing a criminal prosecution for murder, she respectfully moves this Court to stay these civil proceedings — which are based on the same facts which are at issue in the criminal case — until the criminal case is resolved.

'A district court's power to stay proceedings ... encompasses the discretionary authority to stay a civil action pending the resolution of parallel criminal proceedings when the interests of justice so require." ***United States v. Little AI***, 712 F.2d 133, 135 (5th Cir. 1983).

As was stated in **Mosing v. Boston**, No. 6:14-CV-02608 (W.D. La. 2017), at page 3 -

" A district court has inherent power to control the disposition of the cases on its docket, and this includes wide discretion to grant a stay in a pending matter. "The district court has a general discretionary power to stay proceedings before it. . . in the interests of justice." The United States Supreme Court has confirmed the district courts' power to stay "any. . . claim related to rulings that will likely be made in a pending or anticipated criminal trial." Therefore, although it is not required to do so, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding or "until the criminal case or the likelihood of a criminal case is ended." Granting such a stay contemplates special circumstances and the need to avoid substantial and irreparable prejudice. The burden to show that a stay is warranted rests on the movant, and "the granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly." Thus, although "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable," the stay of a pending civil action may be appropriate "when there is a real and appreciable risk of self-incrimination."

Later, at Page 5, the court in **Mosing v. Boston** stated **–**

"The Fifth Circuit has provided the following guidance for deciding whether a civil case should be stayed pending the resolution of related criminal proceedings:

Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed - unstayed. In the proper case the trial judge should use his discretion to narrow the range of discovery.  . . .

Furthermore, "before granting a stay pending resolution of another case, the court must carefully consider the time reasonably expected for resolution of the other case, in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration."  . . .
Incorporating this guidance, courts in the Fifth Circuit consider six factors in determining whether a civil action should be stayed due to the existence of a related criminal matter, including (1) the extent to which the issues in the criminal case overlap those presented in the civil case; (2) the status of the criminal case (including whether the defendant has been indicted); (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff that might result from delay; (4) the private interests of and burden on the defendants; (5) the court's interests; and (6) any public interest issues."

[internal citations omitted]

Each of the six factors are discussed below, and all weigh in favor of stay of this case.

First, the extent to which the issues in the criminal case overlap with those presented in the civil case.

This would seem self-evident in this case. The issue of the reasonableness of Ms. Gile's actions is the heart of both the criminal proceeding and this case. The predicate facts are essentially the same

The court in **Mosing v. Boston,** supra, stated at Page 6, that -

"When the issues presented in the civil and criminal proceedings overlap, courts often feel compelled to grant a stay. Many courts have found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."

The second factor is the status of the criminal case, including whether the defendant has been indicted.

"Generally, a stay of a civil case is 'most appropriate' when a party to the civil action has already been indicted for the same conduct." *Villani v. Devol,* Civ No. 15-852-JWD-EWD (M.D. La. 4/7/2016) at Page 6, citing Modern Am. Recycling Servs., Inc. v. Dunavant, CIV. A. 10-3153, 2012 WL 1357720, (E.D. La. 4/19/2012)

As explained by one court, a "primary goal of a stay, when a stay is indeed warranted, is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action." *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391 (S.D. Tex.2009)

The fact Kayla Giles has already been indicted creates a significant risk of self-incrimination if this civil lawsuit proceeds therefore the 'status of the case' favors a stay. *Few v. Stafford* (Civ. A. No. 1:16-CV-01513 (W.D. La. 3/17/2017)

The 'Third Factor' is "the private interests of the other parties in proceeding expeditiously, weighed against the prejudice to said parties caused by the delay."

Here this action was commenced by Kayla Giles to preserve her rights under an insurance contract with the defendants. She felt she could not wait for the conclusion of the criminal case before instituting this action as the law of this state may have eliminated her right to bring this action by the lapse of time, under the doctrine of liberative prescription. ***Elizabeth Fry Franklin et al v. Regions Bank,*** No. 19-30684 (5th Cir. 9/18/2020).

The defendants in this action will suffer no prejudice and in fact will receive more discovery than they might have otherwise be able to obtain from the evidence adduced during the criminal trial. It is also possible that allowing the criminal proceeding to go forward before this action will benefit them in the ultimate outcome of this matter.

Any of the defendants' concerns are at least partially ameliorated by the fact that the defendant has already been indicted, and this matter would be stayed only long enough for the criminal proceeding to be concluded.

The "Fourth Factor" is the private interests of and burden on the defendant. The plaintiff in this civil action is the defendant in the criminal prosecution. She cannot properly present her case to this court without prejudicing her ability to defend herself in the criminal proceeding.

She has not and does not intend to waive her Fifth Amendment rights in this civil proceeding. Thus, there is a conflict between her ability to assert those rights and still present her claim in this lawsuit. This conflict favors a stay of this action, which would allow her to properly address any criminal culpability first, prior to addressing her potential civil recovery.

Fifth Factor, the interests of the court.  The court's interest is in judicial economy. Conducting the criminal proceedings first advances judicial economy. The conviction of a party as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation.  Because

of the overlapping issues and factual basis for the two lawsuit, it is almost certain that duplicative

legal findings will be issued by the two courts if this matter is not stayed. Furthermore, allowing the

criminal suit to proceed first may streamline this matter since there is a possibility that collateral

estoppel or res judicata will affect some or all of the overlapping issues since "[i]t is well

established that a prior criminal conviction may work as estoppel." ***Mosing v. Boston***, supra. As a

result, this factor weighs in favor of granting a stay.

Sixth Factor, the public interest. The Fifth Circuit has recognized that the public has a

substantial interest in law enforcement efforts through criminal investigation and prosecution. As

was stated in ***Campbell v. Eastland***, 307 F.2d 478, 487 (5th Cir. 1962) -

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

The public has an interest in the resolution of disputes with minimal delay, but only to

the extent that the integrity of the defendant's rights can be maintained. Few v. Staffrod, supra,

citing Alcala v. Texas Webb County, at Page 307.

*Conclusion*

Kayla Giles respectfully suggest that all relevant factors favor granting stay in this action

and plaintiff suggest that the same is appropriate under the facts of this case. She believes

she cannot properly present her case to this court until the criminal proceedings have been

resolved and that the failure to grant a stay would be tantamount to depriving her of her Fifth

Amendment rights simply because she chose to assert her claim to the insurance proceeds she

believes is due under the insurance policy in question.

The Fifth Circuit recently highlighted the issue before Ms. Giles when she filed this

action. If the claim was one under contract she would have ten (10) years to bring it, but if it

was determined to be a tort action, she was forced to file the action when she did to avoid

losing the right to bring it. ***Elizabeth Fry Franklin et al v. Regions Bank,*** No. 19-30684 (5th Cir. 9/18/2020).

The defendants in this matter suffer no prejudice by a short stay until the criminal proceedings are concluded. The stay requested should be granted.

Respectfully Submitted,

**LAW OFFICE OF,**


**/S/ THOMAS R. WILLSON**
**THOMAS R. WILLSON**
**1330 JACKSON STREET**
**ALEXANDRIA, LOUISIANA  71301**
**PH. NO. (318) 442-8658**
**FAX NO. (318) 442-9637**
**rocky@rockywillsonlaw.com**
**Attorney for Kayla J. Giles (#13546)**


**Certificate of Service**

I hereby certify that a copy of the above Memorandum has been provided to Counsel for United Specialty Insurance Company, Celeste D. Elliott, by depositing the same in the U.S. Mail addressed to 601 Poydras Street, Suite 2775, New Orleans, La. 70130, and counsel for Counsel for Delta Defense, L.L.C.,   W. Scarth Clark and Megan B. Jacqmin, by depositing the same in the U.S. Mail addressed to 2030 St. Charles Avenue, New Orleans, La. 70130, with sufficient postage affixed, this 24th day of September, 2020.


**/S/ THOMAS R. WILLSON**
**THOMAS R. WILLSON**